UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

---------------------------------------------------------x
JASON LENZ,                              :
                                         :      CASE NO.:
            Plaintiff,                   :
vs.                                      :      Judge:
                                         :
OM SHANTI OM ELEVEN, L.L.C.              :      Magistrate:
                                         :
                                         :
            Defendant.                   :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, JASON LENZ, by and through his undersigned counsel, hereby files this Complaint and sues OM SHANTI OM ELEVEN, L.L.C. (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, JASON LENZ, (hereinafter referred to as "MR. LENZ"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MR. LENZ resides in Tangipahoa Parish on Water Hickory Road, Ponchatoula, Louisiana 70454.

6. MR. LENZ is a qualified individual with a disability under the ADA and the LCHR. MR. LENZ is an amputee and uses a wheelchair to ambulate.

7. Due to his disability, MR. LENZ is substantially impaired in several major life activities.

8. Upon information and belief, OM SHANTI OM ELEVEN, L.L.C., a Louisiana limited liability company doing business in Lafayette Parish, is the owner of the real property and improvements, which is the subject of this action, to wit: Spark by Hilton Lafayette South, 1015 W Pinhook Road, Lafayette, LA 70503 (hereinafter referred to as "the Property").

9. Upon information and belief, OM SHANTI OM ELEVEN, L.L.C. is also the operator of the business located at the Property.

10. Upon information and belief, the business at the Property is a hotel.

11. MR. LENZ has visited the Property to go to stay at the hotel while on a work trip.

12. DEFENDANT is obligated to comply with the ADA and the LCHR.

13. All events giving rise to this lawsuit occurred in the Western District of Louisiana, Lafayette Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MR. LENZ realleges and reavers the above Paragraphs as if they were expressly restated

herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 1015 W Pinhook Road, Lafayette, Louisiana 70503.

16. MR. LENZ has visited the Property and desires to visit the Property again in the future.

17. Upon information and belief, MR. LENZ's most recent visit to the Property prior to filing this original Complaint was his stay at the hotel from March 19, 2025 to March 21, 2025.

18. MR. LENZ was in Lafayette for the bi-annual Louisiana State Association of School Personnel Administrators ("LSASPA") Conference.

19. When MR. LENZ checked into the hotel at the Property on March 19, 2025, he requested and was offered an allegedly ADA-compliant room, Room 110.

20. Though there were some accessible features in the room, there were no grab bars around the toilet in the bathroom.

21. In order to use the toilet without grab bars, MR. LENZ held on to the towel rack, adjacent wall, and his own wheelchair.

22. The process of getting on and off the toilet was physically challenging and uncomfortable for MR. LENZ each time he had to use the bathroom.

23. MR. LENZ feared that he would injure himself getting on and off the toilet without grab bars.

24. MR. LENZ continues to desire to visit the Property but will continue to experience serious difficulty due to the lack of grab bars next to the toilet in the designated-accessible room at the Property.

25. MR. LENZ will be required to attend future LSASPA conferences for his work. These

conferences are regularly held in Lafayette, Louisiana.

26. MR. LENZ plans on returning to the Property for future conferences, but fears that he will encounter the same barriers to access which are the subject of this action.

27. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. LENZ due to, but not limited to, the following violations which exist at the Property:

    I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A. The toilet in Room 110 lacks adjacent grab bars;

        B. Other mobility-related ADA barriers to be identified following a complete inspection.

28. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

29. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

30. Upon information and belief, removal of the barriers to access located on the Property would provide MR. LENZ with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

31. MR. LENZ has been obligated to retain the undersigned counsel for the filing and

prosecution of this action. MR. LENZ is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

### COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

32. MR. LENZ repeats and realleges all preceding paragraphs in support of this claim.

33. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANT.

34. At all times relevant to this action, MR. LENZ has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

35. At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

36. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

37. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

38. DEFENDANT discriminated against MR. LENZ, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to the architectural barriers discussed in this Complaint.

39. MR. LENZ deems himself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein above.

40. MR. LENZ is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MR. LENZ demands judgment against DEFENDANT, and requests the following injunctive relief, damages, and declaratory relief:

A. That this Court declare that the Property, owned by DEFENDANT, is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MR. LENZ pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANT in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. LENZ pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EVA M. KALIKOFF (LA #39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
    gdereus@bizerlaw.com
    eva@bizerlaw.com